JEFFERSON PEAK v. ELIZABETH LYNCH.

1. PRACTICE IN SUPREME COURT.—Where the transcript has been withdrawn and an assignment of errors copied into it, but not authenticated by the clerk's certificate, such assignment of errors cannot be considered, and a motion to dismiss will be allowed.

2. SAME.—It has been the long-established practice to permit transcripts filed before the time required by law, on application of the party filing them, to be withdrawn to perfect them by supplying deficiencies and correcting irregularities; but such amended transcripts must be re-filed and treated as a case pending from the latter date.

APPEAL from Dallas. Tried below before the Hon. H. Barksdale.

*Hughes & Tucker*, for motion to dismiss.

*Field & Stevens*, for appellant.

MOORE, ASSOCIATE JUSTICE—(On motion to dismiss for want of an assignment of errors.)

The appeal in this case was perfected on the 17th of July, 1874. From the indorsements on the record it seems to have been demanded on that day and forwarded on the 25th of July, 1874, to this court and filed here August 6th, 1874, though by law it was not required to have been filed until May 10th, 1875, the day during the present term of the court, on which, by the assignment of the docket as made by order of the court, cases from the county of Dallas were called.

Accompanying the motion of appellee to dismiss this case for want of an assignment of errors, there is an affidavit of one of his counsel that he had examined the transcript since it was filed in this court, and that there was at that time no assignment of errors in it, that one of the attorneys for appellant told him "that he had discovered that it was necessary in our practice in Texas to file an assignment of errors and have it in the transcript, which he was not aware of when he sent up the transcript, and that he had no assignment of errors in the transcript, and was going to send to Austin for the transcript and have one inserted. This he afterwards told me (affiant) he had done." An affidavit of the deputy clerk of the District Court of Dallas county is also filed, to the effect that the attorney of appellant on or about the 24th of April, 1875, brought to him the transcript of the record of this case which bore upon it at the time the file-mark of this court, and told him that he had omitted to file in said cause an assignment of errors, and then handed him a paper purporting to be an assignment of errors, and requested affiant to copy the same and attach said copy to said transcript and return it to him, which he did. Said deputy clerk states, however, that he did not file said purported assignment of errors, nor is there any file-mark upon it showing that it was ever filed in the District Court of Dallas county.

It has been the long-established practice of this court to

permit transcripts filed before the time required by law, on application of the party filing them, to be withdrawn or taken from the files of the court to perfect them by supplying deficiencies and correcting irregularities in making up the transcript, so as to obviate the necessity of a *certiorari,* or prevent a dismissal of the case. But where the transcript is corrected and returned to this court, it must be re-filed and treated not as a case pending in this court from the date of the original filing, but from that on which it was filed after its correction and return as aforesaid. Evidently, therefore, if application had been made by appellant to withdraw this transaction from the files of the court prior to the 10th day of the present month, for the purpose of incorporating in it a copy of an assignment of errors filed in the District Court subsequent to the forwarding of it to this court, it would have been granted. But if this course had been taken, the certificate to the transcript, when it was brought back, should show that it was a correct transcript of the record and proceedings in the case at the date of the certificate to the amended or perfected transcript. If it did not, the record, when brought back to the court, would be upon its face even more defective than as originally filed.

On an examination of this transcript we find appended to it the certificate of the district clerk, by his said deputy, of date of July 25, 1874, " that the foregoing 78 pages contain a full and complete transcript," &c. The copy of the assignment of errors, which he says in his affidavit he attached to the record about the 24th of April, 1875, is not included in said seventy-eight pages. This certificate cannot, therefore, be properly held to apply to it.

But we find pasted into the transcript, between page seventy-eight and this certificate, two additional pages, which contain what purports to be an assignment of errors, but without a certificate showing that it is a copy of an assignment of errors on file in the District Court. It is obvious,

therefore, that these two pages cannot be regarded as forming any part of the transcript of the record in this case, and that they were improperly inserted in it.

The candor and frankness with which the attorney for appellants and the deputy clerk seem to have stated the facts, and that the end intended to be accomplished might have been easily attained by an observance of the rules of practice of the court, shows that no intentional wrong was designed. This, however, does not excuse, much less justify, the course they have pursued, or warrant our passing over without comment such an unauthorized and unwarranted alteration of the records of this court.

There being no assignment of errors in the transcript of the record certified to this court, the motion to dismiss is sustained.

DISMISSED.